

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-15-00246-CR
No. 07-15-00286-CR
_____

RICKY DAN ALLEE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 47th District Court
Randall County, Texas
Trial Court No. 17,197-A; Honorable Dan Schaap, Presiding

October 16, 2015

## ORDER ON COUNSEL'S MOTION TO WITHDRAW
## AND ORDER OF ABATEMENT AND REMAND ON INDIGENCY

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Appellant, Ricky Dan Allee, was charged with possession of a controlled substance in an amount of four grams or more but less than 200 in a drug-free zone[1]

---

[1] TEX. HEALTH & SAFETY CODE ANN. § 481.115(d) (West 2010). The offense is a second degree felony with punishment increased by five years when committed in a drug-free zone. *Id.* at § 481.134(c).

and possession of marihuana in an amount of five pounds or less but more than four ounces in a drug free-zone.[2]  In exchange for pleas of guilty, the trial court placed Appellant on deferred adjudication community supervision.  The State subsequently moved to adjudicate Appellant guilty of both offenses for violating the conditions of community supervision.  The trial court granted the State's motion and entered a finding of guilt as to each offense.  Punishment was assessed at eight years confinement and a $1,500 fine as to the possession of controlled substance case and eight years confinement as to the possession of marihuana case.

Appellant retained counsel to pursue these appeals.  Pending before this court is counsel's *Motion to Withdraw* in which he represents that Appellant has failed to pay his agreed-upon fee and did not make a deposit for payment of the reporter's record.[3] Pursuant to Rule 6.5 of the Texas Rules of Appellate Procedure, counsel's motion to withdraw is granted and he is hereby relieved as Appellant's appellate attorney of record.

By the motion to withdraw, counsel further requests that new counsel be appointed to represent Appellant in this appeal "because he is indigent and cannot afford to employ counsel."  Typically, such a request comes from an appellant—not his attorney.  Furthermore, the trial court has the authority to appoint counsel for eligible indigent defendants for appeal.  TEX. CODE CRIM. PROC. ANN. art. 1.051(d)(1) (West

---

[2] TEX. HEALTH AND SAFETY CODE ANN. § 481.121(b)(3) (West 2010).  The offense is a state jail felony with punishment increased to that of a third degree felony when committed in a drug-free zone.  *Id.* at § 481.134(d).

[3] As a result of non-payment of the reporter's record, by letter dated September 29, 2015, the reporter's record was deemed filed and the deadline for filing Appellant's brief was set for October 29, 2015.  By virtue of this order, that deadline is suspended.

Supp. 2014). Some of the factors the trial court may consider in determining indigency include a defendant's income, source of income, assets, property owned, outstanding obligations, necessary expenses, the number and ages of dependents, and spousal income that may be available. *Id.* at art. 26.04(m). Consequently, we now abate this appeal and remand the cause to the trial court for further proceedings.

Upon remand, the trial court shall utilize whatever means necessary to immediately determine the following:

1. whether Appellant still desires to prosecute this appeal; and

2. whether Appellant is indigent and entitled to appointed counsel to pursue this appeal.

Should it be determined that Appellant does want to continue the appeal and the trial court determines he is entitled to appointed counsel, the name, address, telephone number, email address, and state bar number of appointed counsel shall be provided to the clerk of this court. The trial court shall execute findings of fact and conclusions of law, and shall cause its findings, conclusions, and any necessary orders to be included in a supplemental clerk's record to be filed with the clerk of this court by November 20, 2015. If new counsel is appointed to represent Appellant, his brief shall be due thirty days following the date of appointment.

Should the trial court determine that Appellant is not indigent, Appellant may proceed *pro se* in this appeal or retain new appellate counsel to prosecute this appeal.

3

Appellant's brief shall be due thirty days from the date the supplemental clerk's record is filed with the clerk of this court.

It is so ordered.

Per Curiam

Do not publish.